(No. 89-CC-2203—

JAMES EARL WILLIAMS, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Order filed January 22, 1990.*

*Order filed November 2, 1990.*

JAMES EARL WILLIAMS, *pro se*, for Claimant.

NEIL F. HARTIGAN, Attorney General (LANCE T. JONES, Assistant Attorney General, of counsel), for Respondent.

# ORDER

Montana, C.J.

This cause comes on to be heard on the Respondent's motion for summary judgment and the Claimant's objections thereto, due notice having been given, and the Court being advised;

Claimant, an inmate at a State penal institution, brought this claim seeking compensation for personal property which was allegedly in the exclusive possession of the Respondent and is now missing. In response to the complaint, Respondent filed a motion for summary judgment wherein liability was conceded but denied that any damages were owed on the grounds that the Department of Corrections had previously reimbursed the Claimant for his loss. In support of its motion Respondent stated that Claimant was reimbursed the fair market value of the personal property as determined by the application of a straight-line depreciation schedule with an assigned useful life of three years. An affidavit purportedly executed by a supervisor of the department's Administrative Review Board was attached. The supervisor attested that the Board generally applied this rule in such situations and felt that the scale reflected the fair and reasonable market value of personal property in a prison setting. She stated that property depreciated more rapidly in such an environment than it would elsewhere. None of the four copies of the affidavit in the file at the clerk's office were signed or notarized. The Claimant filed a response objecting to the use of the three-year depreciation schedule and to how the Department applied it in this case.

Summary judgment is appropriate where there are no genuine issues of material fact and one party is entitled to judgment as a matter of law. In this case there

is no issue as to liability for the loss, but we find that there remain issues of fact as to the value of the missing property. While a three-year straight line depreciation schedule may be appropriate under certain circumstances and may be the best approach for the Department of Corrections' Administrative Review Board, this Court is not prepared to adopt it in all cases here or, based on the record and the pleadings, in this particular case. However, nothing we have said herein is to be construed as a comment on the fair market value of the items lost.

It is hereby ordered that a judgment is granted to Claimant on liability and this cause is referred to the Commissioner on the issue of damages.

## ORDER

MONTANA, C.J.

This cause coming to be heard upon the motion of the Respondent for summary judgment, due notice having been given, and the Court being fully advised in the premises, finds:

That as to Claimant's stereo receiver, Claimant has already received from the Department of Corrections the fair, reasonable, market value of this receiver and he is entitled to no more.

That as to Claimant's TV, Claimant has filed in this court one claim for reimbursement of a component part of this TV and a second claim for reimbursement of the unit as a whole. Such duplicate claims are not allowed.

It is therefore ordered that Respondent's motion should be, and hereby is, granted. Judgment is entered in favor of the Respondent.